ROBERT M. PARKER, Retired Circuit Judge.
This is a detinue action.
Appellee filed suit in district court to recover certain items of personal property allegedly belonging to the estate of Carrie W. Durant, deceased. Judgment was rendered by the district court in favor of ap-pellee and appellant appealed to the circuit court demanding a trial by jury. Appellee filed a motion for summary judgment, which was denied. A special master was appointed by the court to inspect and inventory items in custody of appellant. The special master made an oral report to the court, which was not reported, and the court considering the report, the affidavits filed in support of the motion for summary judgment, and other evidence, which also is not reported, rendered a judgment, without the intervention of a jury, in favor of the appellee in the sum of $3,000 plus costs which included a $300 fee to the special master.
Appellant alleges on appeal that he was denied the right of a trial by jury as he had demanded under Rule 38(b), Alabama Rules of Civil Procedure. Appellee contends that appellant waived his right to a *41 jury trial by consent to the appointment of a special master and oral submission of the special master’s report to the court and failure to file objections to said report.
Rule 39(a), A.R.Civ.P., provides:
“When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury .... ”
The record is void of any such oral or written stipulation.
The record reveals that the special master was appointed on motion of appellee and both parties agreed on the person to be appointed. The special master’s report should have been received under Rule 53(e)(3).
The failure of the trial court to afford appellant a trial by jury requires this action to be reversed.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.